IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION
CIVIL ACTION NO:1:16-cv-02998-RBH-SVH

| | | |
|---|---|---|
| Marcus Addison, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **BENJAMIN F. LEWIS, MD'S** |
| v. | ) | **ANSWER TO PLAINTIFF'S COMPLAINT** |
| | ) | |
| South Carolina Department of Corrections | ) | |
| and Benjamin F. Lewis, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The Defendant, hereby answering the Complaint of the Plaintiff herein, would respond as follows:

**<u>FOR A FIRST DEFENSE</u>**

1. All allegations contained in the Complaint of the Plaintiff which are not hereinafter specifically admitted are denied.

2. The allegations contained in Paragraph one (1) are admitted.

3. The allegations contained in Paragraph two (2) are not directed at Defendant Lewis and therefore no admission or denial is required of this Defendant. To the extent that an admission or denial is deemed to be required to the allegations contained in Paragraph two (2), Defendant Lewis is without sufficient information to admit or deny and therefore would deny the same.

4. The allegations contained in Paragraph three (3) are denied insomuch as they allege that the Defendant Lewis is a resident of Marlboro County, South Carolina. The allegations contained in Paragraph three (3) are admitted insomuch as they allege that during the

1

time frames at issue in the Complaint, Defendant Lewis was an employee of SCDC.  All other allegations contained in Paragraph three (3) are denied.

5.     The allegations contained in Paragraph four (4) are not directed at Defendant Lewis and therefore no admission or denial is required.  To the extent that an admission or denial is deemed to be required to the allegations contained in Paragraph four (4), those allegations are denied and strict proof thereof demanded.

6.     The allegations contained in Paragraph five (5) do not assert an allegation against Defendant Lewis and therefore no admission or denial is required.

7.     Defendant Lewis is without sufficient information to admit or deny the allegations contained in Paragraph six (6) and therefore would deny the same.

8.     The allegations contained in Paragraph seven (7) are not directed at Defendant Lewis and therefore no admission or denial is required.  To the extent that an admission or denial is deemed to be required from Defendant Lewis in response to the allegations contained in Paragraph seven (7), those allegations are denied, with strict proof thereof demanded.

9.     Defendant Lewis is without sufficient information to admit or deny the allegations contained in Paragraph eight (8) with regard to the Plaintiff's housing, and therefore would deny the same.  All other allegations contained in Paragraph eight (8) are denied.

10.     Defendant Lewis is without sufficient information to admit or deny the allegations contained in Paragraph nine (9) and therefore would deny the same.

11.     The allegations contained in Paragraph ten (10) are admitted insomuch as they allege that Defendant Lewis saw the Plaintiff on July 1, 2014 and diagnoised a sacral pressure ulcer.  The allegations are further admitted in that Defendant Lewis ordered a consultation with

2

an outside specialist during the July visit.  All other allegations contained in Paragraph ten (10) are denied.

12.     Defendant Lewis is without sufficient information to admit or deny the allegations contained in Paragraph eleven (11) and therefore would deny the same.

13.     The allegations contained in Paragraph twelve (12) are not directed at Defendant Lewis and therefore no admission or denial is required of this Defendant.   To the extent that an admission or denial is deemed to be required from Defendant Lewis, those allegations are denied, with strict proof thereof demanded.

14.     Defendant Lewis is without sufficient information to admit or deny the allegations contained in Paragraph thirteen (13) and therefore would deny the same.

15.     To the extent that the allegations contained in Paragraph fourteen (14) are directed at Defendant Lewis, those allegations are denied.  Defendant Lewis is without sufficient information to admit or deny the remaining allegations contained in Paragraph fourteen (14) and therefore would deny the same.

16.     Defendant Lewis is without sufficient information to admit or deny the allegations contained in Paragraph fifteen (15), and therefore would deny the same with strict proof thereof demanded.

17.     The allegations contained in Paragraph sixteen (16) are denied.

18.     The allegations contained in Paragraph seventeen (17) are denied.

19.     In response to the allegations contained in Paragraph eighteen (18), Defendant Lewis would reassert and reallege all previous responses made herein.

20. The allegations contained in Paragraph nineteen (19) are denied, including subparts.

21. The allegations contained in Paragraph twenty (20) are denied.

22. In response to the allegations contained in Paragraph twenty one (21), Defendant Lewis would reassert and reallege all previous responses made herein.

23. The allegations contained in Paragraph twenty two (22) are denied.

24. The allegations contained in Paragraph twenty three (23) are denied.

25. The allegations contained in Paragraph twenty four (24) are denied.

26. The allegations contained in Paragraph twenty five (25) are denied.

27. The allegations contained in Paragraph twenty six (26) are denied.

28. The allegations contained in Paragraph twenty seven (27) are denied, including subparts.

29. The allegations contained in Paragraph twenty eight (28) are denied.

30. In response to the allegations contained in Paragraph twenty nine (29), Defendant Lewis would reassert and reallege all previous responses made herein.

31. The allegations contained in Paragraphs thirty (30) through thirty six (36), including subparts, are not directed at Defendant Lewis and therefore no admission or denial is required from this Defendant. To the extent that an admission or denial is deemed to be required from Defendant Lewis to the allegations contained in Paragraphs thirty (30) through thirty six (36), those allegations are denied.

32. In response to the allegations contained in Paragraph thirty seven (37), Defendant Lewis would reassert and reallege all previous responses made herein.

4

33.     The allegations contained in Paragraph thirty eight (38) are denied, including subparts.

34.     The allegations contained in Paragraph thirty nine (39) are denied.

35.     In response to the allegations contained in Paragraph forty (40), Defendant Lewis would reassert and reallege all previous responses made herein.

36.     The allegations contained in Paragraph forty one (41) are denied, including subparts.

37.     The allegations contained in Paragraph forty two (42) are denied.

38.     The allegations contained in Paragraph forty three (43) are denied.

## FOR A SECOND DEFENSE

39.     The individually-named Defendant is an employee of South Carolina Department of Corrections, an arm of the State of South Carolina, and is, therefore, entitled to sovereign immunity from suit in his official capacity.

## FOR A THIRD DEFENSE

40.     At all times relevant to the allegations in Plaintiff's Complaint, Defendant Lewis was engaged in the performance of his official duties, acted in good faith, and violated no clearly established constitutional or statutory rights which were known or should have been known to him, and he is therefore entitled to *qualified immunity* from suit in his individual capacity.

## FOR A FOURTH DEFENSE

41.     Plaintiff failed to exhaust readily available administrative remedies and therefore his claims are barred by 28 U.S.C.A. § 1997 *Prison Litigation Reform Act*.

## FOR A FIFTH DEFENSE

42.     Defendant Lewis alleges that he is immune from civil tort liability pursuant to the Constitution of the State of South Carolina and § 15-78-10, *Code of Laws of South Carolina* (1976, as amended), et seq., commonly known as the *South Carolina Tort Claims Act* except to the limited extent to which sovereign immunity has been waived pursuant thereto.  Defendant Lewis therefore pleads and incorporates herein each and every defense and limitation contained in the *South Carolina Tort Claims Act* as fully as if set forth herein verbatim.

## FOR A SIXTH DEFENSE

43.     Defendant Lewis alleges that the claims of Plaintiff are barred by the applicable statutes of limitations which apply to the various claims of Plaintiff as alleged in the Complaint.

## FOR A SEVENTH DEFENSE

44.     Defendant Lewis alleges that Plaintiff has failed to properly serve all captioned Defendants and/or that service of process upon them in connection with this action was improper and insufficient.  Therefore, all Defendants not properly served with the Summons and Complaint are entitled to dismissal of Plaintiff's Complaint pursuant to Rules 12 (b)(4) and 12(b)(5) of the *Federal Rules of Civil Procedure.*

## FOR AN EIGHTH DEFENSE

45.     Plaintiff's claims are barred by 28 U.S.C.A. § 1997, *Prison Litigation Reform Act*, on the grounds that Plaintiff has received three "strikes" in previous lawsuits brought against the same or similar Defendants.

## FOR A NINTH DEFENSE

46.     Defendant Lewis alleges that Plaintiff's Complaint fails to state facts sufficient to state a cause of action and therefore Defendants are entitled to dismissal of Plaintiff's Complaint pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure.*

## FOR A TENTH DEFENSE

47.     Any acts alleged to have occurred on behalf of said Defendant was made using discretion of said individual(s) in spite of their knowledge of reasonable, existing alternatives, and Defendants are therefore entitled to discretionary immunity from this lawsuit.

## FOR AN ELEVENTH DEFENSE

48.     Defendant Lewis further alleges that if any injuries and/or damages were sustained by the Plaintiff, the said injuries and/or damages were caused by the greater negligence and/or willfulness of the Plaintiff, which negligence and/or willfulness exceeds that of the Defendant, if any, without which greater negligence and/or willfulness on the part of the Plaintiff, the said alleged injury and/or damage would not have occurred or sustained and for that reason, the Plaintiff is totally barred from recovery. Should it be determined that the Plaintiff's negligence does not outweigh any negligence on the part of the Defendant, any award to the Plaintiff should be reduced in proportion to the amount of negligence on the Plaintiff's part.

## FOR A TWELFTH DEFENSE

49.     That any injuries or damages sustained by the Plaintiff, if any, were due to and caused by the negligence of other persons, firms or corporation over whom the Defendant had no control, and Defendant Lewis therefore pleads the sole negligence of others as a complete bar to this action.

**FOR A THIRTEENTH DEFENSE**

50.    Defendant Lewis honored his duty to exercise that degree of care and skill ordinarily exercised by their profession under similar conditions and in similar circumstances. Accordingly, Defendant Lewis specifically denies that he or any other SCDC medical staff deviated from the generally accepted standards, practices and procedures exercised by competent medical practitioners in the area of practice at issue.  Furthermore, Defendant Lewis specifically denies that he caused Plaintiff any injury whatsoever.

**FOR A FOURTEENTH DEFENSE**

51.    Any injury or damage sustained by the Plaintiff as a result of the matters alleged in the Complaint could not be avoided and Defendant Lewis pleads an unavoidable incident as a complete bar to this action.

**FOR A FIFTEENTH DEFENSE**

52.    Any injury or damage sustained by the Plaintiff as a result of the matters alleged in the Complaint were a proximate cause of one or more independent, efficient and intervening causes which Defendant Lewis pleads as a complete bar to this action.

**FOR A SIXTEENTH DEFENSE**

53.    Defendant Lewis alleges that an award of punitive damages in this case would violate the 5th, 6th and 14th amendments to the United States Constitution and Article One, Section 3 of the South Carolina Constitution in that:

a)    The unfettered power to award punitive damages in any manner is wholly devoid of a meaningful standard and is inconsistent with due process guarantees; and

b)    Even if it could be argued that the standard governing the imposition of punitive damages exists, the standard is void for vagueness.

8

## FOR A SEVENTEENTH DEFENSE

54.    Defendant Lewis alleges upon information and belief, that any injuries or damages sustained by the Plaintiff were due to, caused and occasioned by, a natural disease process over which Defendant Lewis had no control and, as such, Defendant Lewis pleads such a natural disease process as a complete bar to this action.

## FOR AN EIGHTEENTH DEFENSE

55.    Defendant Lewis alleges that he did not deviate from any acceptable standard of care within the field of internal medicine or any other field of medicine that may be at issue in this case.

## RESERVATION AND NON-WAIVER

56.    The Defendant reserves the right to assert, and do not waive, any additional or further defenses as may be revealed by additional information that may be acquired in discovery or otherwise.

**WHEREFORE**, having fully answered the Complaint of Plaintiff, Defendant Lewis prays that said Complaint be dismissed, with all taxable costs awarded to the Defendant and any further relief this court deems reasonable and proper.

s/JAY R. LEE
Jay R. Lee
Federal ID# 9239
Aiken, Bridges, Elliott, Tyler, & Saleeby P.A.
181 West Evans Street
Post Office Drawer 1931
Florence, SC  29503
Tel:  (843) 669-8787
Fax: (843) 664-0097
E-Mail:  jrl@aikenbridges.com

ATTORNEY FOR DEFENDANTS

September 2, 2016
Florence, South Carolina

10